UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA LEE LEONARD, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | CASE NO. 3:17-CV-05269-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Lisa Lee Leonard filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider a portion of Dr. Enid Griffin's opinion. Had the ALJ properly considered Dr. Griffin's entire opinion, he may have found Plaintiff disabled during the relevant period. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On October 29, 2013, Plaintiff filed an application for SSI, alleging disability as of November 30, 2010. *See* Dkt. 7, Administrative Record ("AR") 12.[1] The application was denied on initial administrative review and reconsideration. *See* AR 12. A hearing was held before ALJ Robert P. Kingsley on August 11, 2015. *See* AR 101-30. In a decision dated September 25, 2015, the ALJ determined Plaintiff was disabled as of August 26, 2015; however, he found Plaintiff was not disabled prior to this date. AR 12-35. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ committed harmful error when he failed to properly consider the medical opinion of Dr. Enid Griffin, Psy.D. Dkt. 9, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly considered the medical opinion evidence.**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

---

[1] Plaintiff alleges a disability onset date of November 30, 2010. AR 12. However, a previous ALJ decision found Plaintiff not disabled as of March 29, 2012, and that decision is administratively final. AR 12. Therefore, the disability period under consideration in this case begins on March 30, 2012. AR 12. Further, because Plaintiff applied for SSI, she did not become eligible for payments until November 2013, the first full month following her application date. AR 12.

1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

"[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted).

Plaintiff contends the ALJ failed to properly consider Dr. Enid Griffin's medical opinion. Dkt. 9, pp. 2-5. On March 4, 2014, Dr. Griffin completed a Psychological Evaluation for Social Security Disability form regarding Plaintiff's functional abilities. AR 715-18. Dr. Griffin diagnosed Plaintiff with Bipolar I Disorder, Posttraumatic Stress Disorder, and Alcohol Dependence, Sustained Full Remission. AR 717. Regarding Plaintiff's functional limitations, Dr. Griffin opined:

<blockquote>
There was no indication of significant memory issues which would impede on [Plaintiff's] ability to handle simple tasks, however there are concerns over her mental health issues which may impact her ability to engage successfully in simple tasks over time. Her ability to reason and adapt is limited at this time. She reported problems with taking care of her daily living activities due to health and depressive symptoms. Given her current level of functional impairment, it is more probable than not, that she would not be successful with training and/or employment until her mental health symptoms have decreased.
</blockquote>

AR 718. Dr. Griffin also found Plaintiff had a global assessment of functioning ("GAF") score of 52. AR 717.

The ALJ discussed Dr. Griffin's opinion and then stated:

<blockquote>
I agree that the claimant is capable of simple, routine tasks and well learned detailed tasks (as implied by Dr. Griffin's opinion) but I accord little weight to Dr. Griffin's opinion that the claimant was unlikely to be able to engage in employment until her mental health symptoms decreased. The limitations are not consistent (1) with Dr. Griffin's objective examination findings [or] (2) with the objective examination findings seen throughout the longitudinal treatment record.
</blockquote>

AR 31 (numbering added).

Here, the ALJ provided two conclusory reasons for giving little weight to Dr. Griffin's opinion that Plaintiff is unlikely able to engage in employment. AR 31. The ALJ failed to provide his interpretation of the evidence and did not provide a detailed explanation as to why Dr. Griffin's opinion regarding Plaintiff's ability to maintain employment should be rejected. For example, the ALJ did not provide any discussion explaining how Dr. Griffin's objective findings were inconsistent with the opined limitations. He also failed to identify any "objective examination findings seen throughout the longitudinal treatment record" or show how the alleged findings in the longitudinal record were inconsistent with Dr. Griffin's findings.

The two vague, conclusory statements rejecting Dr. Griffin's opinion do not reach the specificity necessary to justify rejecting her opinion that Plaintiff was unable to maintain employment and are insufficient for this Court to determine if the ALJ properly considered the

evidence. Therefore, the ALJ erred. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Defendant contends any error by the ALJ is harmless because (1) the ALJ rejected a portion of Dr. Griffin's opinion which concerned an issue reserved for the Commissioner and (2) Dr. Griffin's opinion conflicted with the opinions of Drs. Dan Neims and John Gilbert. Dkt. 12, pp. 6-8.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)). Furthermore, "the fact that the administrative law judge, had [he] considered the entire record, might have reached the same result does not prove that [his] failure to consider the evidence was harmless. Had [he] considered it carefully, [he] might well have reached a different conclusion."

*Hollingsworth v. Colvin*, 2013 WL 3328609, *4 (W.D. Wash. July 1, 2013) (quoting *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)).

First, Defendant argues the ALJ's error is harmless because Dr. Griffin's opinion that Plaintiff was unlikely able to engage in employment was a decision reserved to the Commissioner. Dkt. 12, p. 7. The Ninth Circuit, however, has determined a doctor's statement that a claimant "would be 'unlikely' to work full time" was not a finding on an issue reserved to the Commissioner, and was "instead an assessment, based on objective medical evidence, of [the claimant's] *likelihood* of being able to sustain fulltime employment[.]" *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (emphasis in orginal). In *Hill*, the Ninth Circuit concluded the ALJ's failure to discuss the doctor's statement was harmful. *Id*. Here, the Court finds Dr. Griffin's opinion was an assessment, based on her examination of Plaintiff, of Plaintiff's likelihood of being able to maintain employment. The Court, therefore, finds Dr. Griffin's statement is not a finding on an issue reserved for the Commissioner. Thus, Defendant's first argument is unpersuasive.

Second, Defendant contends the ALJ's error is not harmful because the ALJ implicitly rejected Dr. Griffin's opinion because it was inconsistent with the opinions of Drs. Neims and Gilbert, which conflicted with Dr. Griffin's opinion. Dkt. 12, p. 8. As discussed above, when a treating or examining physician's opinion is contradicted, the opinion can only be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31. The fact Dr. Griffin's opinion is inconsistent with two other opinions in the record shifts the standard of review for giving less weight to Dr. Griffin's opinion from clear and convincing to specific and legitimate reasons, but does not eliminate the need for the ALJ to

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

provide a proper reason to reject the opinion. As such, the Court is also not persuaded by Defendant's second harmless error argument.

Had the ALJ properly considered Dr. Griffin's opinion that Plaintiff was unlikely able to engage in employment, he may have determined Plaintiff disabled from November 2013 to August 26, 2015 (the time period between Plaintiff's eligibility date and the date the ALJ found Plaintiff to be disabled). As the ALJ's error may impact the ultimate disability determination, it is not harmless and requires reversal.[2]

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled during the relevant period. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 21st day of September, 2017.

David W. Christel
United States Magistrate Judge

---

[2] The Court also notes the ALJ's interpretation of Dr. Griffin's findings does not appear to be supported by substantial evidence. The ALJ accepted that Plaintiff was "capable of simple, routine tasks and well learned detailed tasks (as implied by Dr. Griffin's opinion)[.]" AR 31. Dr. Griffin, however, found Plaintiff had no significant memory issues which would impede her ability to handle simple tasks, but was concerned Plaintiff's mental health issues would impact her ability to successfully engage in simple tasks over time. AR 718. Dr. Griffin also found Plaintiff's ability to reason and adapt were limited. AR 718. The ALJ's determination that Dr. Griffin implied Plaintiff could perform simple, routine tasks and well learned detailed tasks is not supported by Dr. Griffin's opinion. *See* AR 31, 718. On remand, the ALJ must reconsider Dr. Griffin's entire opinion and, if rejecting Dr. Griffin's stated findings, he must provide specific, legitimate reasons supported by substantial evidence.